[Cite as *State v. Claggett*, 2022-Ohio-701.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                           No. 109324

v.                                      :

LORENZO CLAGGETT,                       :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-639912-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer M. Meyer, Assistant Prosecuting Attorney, *for appellee.*

John P. Hildebrand Co., LPA, and John P. Hildebrand, Sr., *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Lorenzo Claggett appeals from his non-life indefinite felony sentence imposed under R.C. 2929.144. For the following reasons, we affirm his burglary conviction.

{¶ 2} Claggett pleaded guilty to burglary, a qualifying felony of the second degree, and criminal damaging, a second-degree misdemeanor. At the time of his plea, the trial court indicated that because Claggett was pleading guilty to a felony of the second degree committed after the effective date of the Reagan Tokes Law, the sentencing provisions under R.C. 2929.144 and 2929.14(A)(2)(a) would apply. Claggett indicated he understood and proceeded with his guilty plea. Under R.C. 2929.144 and 2929.14(A)(2)(a), Claggett was sentenced to serve a non-life indefinite sentence for a minimum of two years and a maximum of three years.

{¶ 3} In this appeal, Claggett presents a single assignment of error in which he broadly claims, citing the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, (1) that the Reagan Tokes Law violates the right to trial by jury; (2) that the Reagan Tokes Law violates the separation-of-powers doctrine; or (3) that R.C. 2967.271(C) and (D), which provide offenders with the right to a hearing before imposition of the maximum term imposed under R.C. 2929.144, fail to provide the full panoply of constitutional pretrial rights in violation of their due process rights. We need not dwell on the arguments presented since Claggett's arguments are identical to the ones advanced in the en banc proceedings in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Based on the authority established by this district's en banc holding in *Delvallie*, the challenges Claggett advanced against the constitutional validity of the Reagan Tokes Law have been overruled and the law as defined under R.C. 2901.011 deemed enforceable. *See id.* at ¶ 17-51. As a result, Claggett's

argument challenging the sentence imposed under the Reagan Tokes Law is likewise overruled.

{¶ 4} We affirm Claggett's burglary conviction.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN A. GALLAGHER, J., CONCUR